*DEVLIN vs. HIS CREDITORS—HAGAN AND CO. APP'TS.*  Eastern District,
                                                           *May* 1831.

APPEAL FROM THE COURT OF THE PARISH AND CITY

OF NEW-ORLEANS.                                          DEVLIN
                                                           *vs.*
Where negotiable notes are delivered as security for a debt, and no au-   HIS CREDITORS.
thentic act is made to evidence the pledge, they will not confer a preference   *Hagan & Co.apt's*
in case of insolvency.

Opposition was made to the homologation of the tableau
of distribution for this : That there was no account therein
of certain notes which were deposited with John Hagan
& Co. by the insolvent, and which formed part of the pro-
perty ceded by the latter. to his creditors." To prove the
deposite, interrogatories were propounded to John Hagan &
Co. who, in answer thereto stated : that the insolvent, pre-
vious to his failure, and at the time of their incurring respon-
sibility on his account, had endorsed over and put into their
possession, the notes (which were negotiable) as collateral
security. Upon these facts, the court *a quo* sustained the
opposition and ordered that the notes be delivered up to the
syndics. Hagan & Co. appealed.

*Pierce*, for appellants, argued as follows : It is sufficient
for the court to look at article 2074 of the Napoleon Code,
to be satisfied that its construction cannot affect the present
question, which rests upon the construction of articles 3123,
3127 and 3128 of our code, to which there is nothing simi-
lar in the Code Napoleon. Article 2084 of the French Civil
Code expressly states, that the dispositions there made are
not applicable to matters of commerce.

Now, in our former code of 1808, p. 446, article 6, there
is a provision similar to 2074 of the French Code, and the
same in 3125 of our own new code ; yet no one ever
pledged a promissory note by other formality than endors-
ment and delivery. The reason of this was, that it was
understood not to affect such transactions as were regulated
by the custom of merchants. The only difficulty in this
case is, in deciding if the law merchant has been abrogated

S 2

by the new articles 3127 and 3128 of our Civil Code of 1825; we say that they have not—that 3127 provides that a credit not negotiable must be pledged by authentic act, or by act under private signature, duly recorded; and that a copy of this act, duly recorded, shall be served upon the debtor; but that article 3128 says, that no notice is required in the case of notes; because, in case of notes, it suffices that the note shall have been endorsed by the person pledging it, to invest the creditor with the full privilege of a pledgee; and that, therefore, the law, as it stood, is not repealed: that no repeal can be presumed, and the article is express that it suffices to endorse the note, to give the privilege; and that article 3123 is not contradictory to this, for 3128 explains its meaning which is, that he still endorses the negotiable note, though he does make an act of pledge—but that this *endorsement suffices.*

The ordinance of 1673, articles 8, 9, says nothing of bills or promissory notes; and Merlin's report of a decision, in 1769, does not refer to the ordinance; nor does it say that the bearer of the bills, without public act, would not have been good; it could not have been a decision under it, as he refers to the code, art. 2075, which, in art. 2084, expressly excludes matters of commerce.

*Conrad,* contra.

The provisions of the code, requiring the recording of pledges, are general, and refer to every description of pledge, without distinction; and the clause, in art. 3128, only dispenses with the necessity of notification, in the case of negotiable instruments, and cannot be understood to dispense with the registry required by the previous articles, any more than it can be understood to dispense with the delivery required by the article 3129, which, it is admitted, it does not. He referred the court to Sirey Code *annoté,* page 321, on the 2074 article of the Code Civil, from which the article of our code relied on (the 3125) is copied

*verbatim.* From the case therein referred to, to be found in
the *Rapports* of the same author, the courts of France have decided that this article refers to commercial as well as to
other matters.    Also, to the *Repertoire de Merlin, verbo*
*Gage,* from which it appears, that according to the ordinance from which the above article, in the Code Napoleon, was taken, pledges of promissory notes were required to be recorded as well as every other description of pledge.

*Porter, J.,* delivered the opinion of the court.

Opposition was filed in this case to the tableau of distribution, because certain notes deposited by the insolvent in the hands of the appellants, who are his creditors, had not been taken possession of by the syndics, and accounted for as part of the estate.

The court sustained the objection, and this appeal is taken from its decision.

The notes were negotiable, and were endorsed by the insolvent.    They were placed in the hands of the appellants some time before his failure,  as collateral  security, for engagements the depositaries had come under for him.

This transaction the appellees insist, formed the contract of pledge, which must be evidenced by a public act, or by a private one, duly registered in the office of a notary public, at a time not suspicious.    The appellants contend, that this mode of evidencing a pledge is not necessary when the object given is negotiable paper :   That it is sufficient, if it be endorsed.

The case turns on, and must be decided by the positive provisions of our code.

The first article necessary to be cited is the 3123d.    It provides,  "that when a debtor wishes to pawn a claim on an other person, he must make a transfer of it in the act of pledge, and deliver to whom it is transferred, the note or

Eastern District,
May 1831.

DEVLIN
vs.
HIS CREDITORS.
Hagan & Co. ap'ts

obligation, which proves its existence, if it be under private signature, *and* must endorse it if it be negotiable."

From this enactment, an act of pledge is required in all cases, and where the paper is negotiable, the paper must also be endorsed. This conclusion is obtained without interpretation, and is free from all doubt. It is the result of the express language of the law.

The next article of the code declares the extent of the privilege conferred by a pawn thus obtained; and the 3125 enacts that this privilege shall take place against third persons *only*, in case the pawn is proved by authentic act, or by an instrument under private signature, duly registered at a time not suspicious.

So that if these enactments stood alone, there can be no doubt, the claim of the appellants could not be sustained. But they rely on subsequent articles of the code to support their pretentions.

The 3127 " provides, that in case the pawn consists of a credit not negotiable, to enable the creditor to enjoy the privilege above mentioned, it is necessary, not only that proof of the pledge be made by an authentic act, or by act under private signature duly recorded, as stated in the preceding article; but that a copy of this act shall have been duly served on the debtor, of the credit given in pledge."

The 3128th article, on which the appellants mainly rely, is as follows : " On the other hand, the notification of the act of pledge to the person owing the debt pledged, shall not be necessary, if the debt is evidenced by a note or other obligation, payable to bearer or order; because, in that case, it will suffice that the note shall have been endorsed by the person pledging it, to invest the creditor with the privilege above mentioned."

The latter clause of this article, it is contended, explains the 3123d article, so as to make endorsement alone sufficient to constitute the pledge.

This explanation is of too forcible a kind to enable us to adopt it ; for it contradicts, and renders completely inoperative, the rule prescribed in the previous enactment. It is a known principle in the construction of statutes, to give, if possible, all parts of them effect. The interpretation of the appellants violate this rule. The 3123d requires an act of pledge *and* endorsement. The 3128th, according to, this interpretation, makes endorsement, without an act of pledge, sufficient. So that the provision in respect to the act of pledge has no effect. The construction of the appellees appears to us more sound. The intention of the legislator was to dispense with the notification, in case the paper was negotiable, and nothing more. The commencement of the article clearly shews this. The general language of its conclusion, must be limited to the evident intention of the law maker.

Eastern District.
*May* 1831,

DEVLIN
*vs.*
HIS CREDITORS.
*Hagan & Co. ap'ts*

Where negotiable notes are delivered as a security for a debt and no authentic act is made to evidence the pledge, they will not confer a preference in case of insolvency.

The rule of construction just alluded to, like all other general ones, is founded in good sense. It would be neither philosophic, or true, to attribute to men of the lowest grade of understanding, the intention of doing a thing one moment, for the purpose of undoing it the next. It can never be presumed of the legislative authority, and it is impossible to resist the conviction, that had they changed their intention between the time they passed the 3123d and 3128th articles, they would not have altered the phraseology of the first, instead of throwing into the latter expressions of a general kind, and doubtful import, to correct their error.

We had written thus far, when it occurred to us to examine the report of the jurisconsults, who were employed to prepare the amendments to the code, and we find, on a perusal of it, a full confirmation of our ideas. On the 3128th article, which was drawn up by them, they observe : " The person owing the debt pledged, when it is a requirable note, being bound only to pay the bearer of it, we have thought it was useless to notify him of the act of pledge, in the case of a similar transfer." They who prepared this article then,

Eastern District,
   *May* 1831.

DEVLIN
   *vs.*
HIS CREDITORS.
*Hag an & Co. ap'ts*

did not contemplate the endorsement should stand in place of the act of pledge: on the contrary, they recognize its existence, and merely dispense with the notification. The legislature had this report before them when they adopted the amendments to the code, and we have good reason to believe these amendments were passed in the sense of those by whom they were prepared. *See page* 127*th of the report.*

Something was said of the custom of merchants. That custom is entitled to attention, when it is not opposed to positive law. But the opinions of that portion of the community can neither inform the court, nor in any respect influence its judgment in construing a recent statute.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.