352 So.2d 743 (1977)
Louis LEGER, Jr., Plaintiff-Appellant,
v.
DELANO PLANTATION, INC., Defendant-Appellee.
No. 6163.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1977.
Rehearing Denied December 14, 1977.
Writ Refused January 30, 1978.
Edwards, Stefanski & Barousse, Homer E. Barousse, Jr., Crowley, for plaintiff-appellant.
G. Frederick Seemann, Dean & Lomenick by Otis E. Lomenick, Jr., Opelousas, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
WATSON, Judge.
Plaintiff, Louis Leger, Jr. has appealed from a trial court judgment rejecting his suit for property damage and personal injuries received in a collision between his automobile and a cow allegedly owned by defendant, Delano Plantation, Inc. The accident occurred around 10:00 p. m. September 26, 1972, on Louisiana Highway 105, in St. Landry Parish, Louisiana.
The trial court dismissed plaintiff's suit on the basis of Harrington v. Upchurch, 331 So.2d 506 (La.App. 3 Cir. 1976), writ denied, 337 So.2d 222, because Highway 105 is not listed in LSA-R.S. 3:2803. Harrington holds that there is no presumption of fault on the part of the owner when cattle are loose in open range areas where no state statute or local ordinance prohibits them from roaming. Justice Dixon dissented from the writ denial in Harrington, stating that the apparent result was a different law for dogs [Holland v. Buckley, 305 So.2d 113 (La., 1974)] and for cows.
The instant case is largely factual; we will briefly review the testimony as follows:
James B. Lowery
The manager and president of Delano Plantation, Inc. testified that the plantation had between 64 and 67 head of black angus cattle. He did not hear of the accident until the following morning between 7:00 and 7:30 a. m., when his foreman, Isiah Thomas, showed him a calf at one of his gates. The gate was closed. The calf was *744 similar to those owned by the plantation but had no distinguishing markings. It was around 6 months old and weighed between 250 and 300 pounds. Isiah Thomas was instructed to move the calf. The plantation owns 1600 acres with a mile and a half of highway frontage. Lowery and three employees inspected the fences that day. There were no breaks; the gates were all closed; and the cattle were in their pasture. Lowery said the dead calf was a suckling calf and its mother should have been calling it. None of his cows were bellowing about the loss of a calf. J. T. Walton leases the land on the other side of the highway from Delano, where he has a levee pasture with black angus and mixed cattle. Adjoining the plantation are other landowners with black cattle, including Fred Harmon, Roland Sylvester, Maurice Harvey and Miss Grayson.
Isiah Thomas
He testified that he found the dead calf that morning. He and Mchingly Thomas disposed of it in a wooded area because it was in the way. He found no cattle missing. The cattle pasture for the plantation was half a mile from the gate where the calf was found. There were two fences between that pasture and the highway. The fences were checked regularly and were intact. Thomas did not know from observing the animal what had killed her. Other property owners in the area had black cattle, and Thomas could not identify the calf as belonging to the plantation.
James Kimble
This witness testified that he was with Preston Nations on the night of the accident. They had been to Bayou Current to coon hunt and came upon the scene on their way home. The only animal he observed was the dead one. Kimble went to get the rescue unit in Melville.
Dan Mougeot
Mougeot worked with the Melville rescue unit. He went to the scene of the accident and took Leger in the ambulance back to Melville. The dead animal in the road was described by Mougeot as located about 100 yards from "Mr. Larry's driveway" (Tr. 50).[1] Mougeot observed some animals on the adjacent levee and a small black calf which was loose. Leger was able to help himself onto the stretcher. Mougeot said it was very foggy that night.
Louis Leger
Plaintiff testified that he came upon some cattle and could not avoid the one he hit, which was lying in the middle of the roadway. Leger said the weather was clear.
Sam Gerace
He arrived at the scene of the accident after it happened and saw Louis Leger in the ditch. He observed the black heifer near a driveway. Plaintiff Leger had had three drinks at Gerace's house earlier in the evening. Gerace saw no other cattle on the highway and testified that there was spotty fog.
J. T. Walton and James White
These neighbors testified that they were not missing any cattle.
Preston Nations
The only direct evidence as to the origin of the calf was that of Preston Nations, a disinterested witness. Although his testimony was unpolished and the details sketchy, his account of the scene indicates the calf came from the Delano pasture where "The fence was down a little bit." (Tr. 27) Nations observed three other animals get out in the same way. No one else was present except plaintiff Leger, who was badly injured. Nations' companion had gone to get the Melville rescue unit.
Although the animal might have belonged to a neighboring rancher, it is more probable than not that it belonged to Delano. The trial court apparently reached the *745 same conclusion as a necessary prerequisite to its disposition of the case.
This is not a closed range highway like that in Quarles v. Tolar, 312 So.2d 350 (La.App. 2 Cir. 1975). Such highways are governed by LSA-R.S. 3:2803, which provides:
"No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon the following public highways of this state: * * *"
The highway here, 105, is not included in the listing.
LSA-R.S. 3:3001-3003 provide that each ward of every parish has the right to prohibit livestock on its roads by local option election. It is contended in brief that a stock law was adopted by the St. Landry Parish Police Jury in 1967, but this ordinance, even if enacted pursuant to the statute, was not introduced in evidence in the four years in which this case awaited trial in the lower court. The evidence could have been produced at trial on the merits. A motion to remand has been denied. The ordinance referred to in brief cannot be considered by this court. Appellate courts do not receive original evidence.
Both Harrington, supra, and Flores v. Commercial Union Insurance Company, 337 So.2d 264 (La.App. 2 Cir. 1976), hold that Holland v. Buckley, supra, is not applicable to cattle on an open range. The owner of cattle in an open range area can permit his animals to run at large. No negligence or fault on the part of Delano Plantation, Inc. has been proven. Therefore, the trial court was correct in denying recovery to plaintiff.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are taxed against plaintiff-appellant, Louis Leger, Jr.
AFFIRMED.
NOTES
[1] The name must have been intended to read as "Lowery".