353 So.2d 474 (1977)
WANDA PETROLEUM COMPANY, Plaintiff-Appellee,
v.
MAC DRILLING INC., Defendant-Appellant.
No. 6231.
Court of Appeal of Louisiana, Third Circuit.
December 20, 1977.
Rehearing Denied January 12, 1978.
Writ Refused February 24, 1978.
Charles R. Browning, Maringouin, for defendant-appellant.
Liskow & Lewis; Stephen T. Victory, New Orleans, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is an appeal from a judgment in favor of plaintiff on a petition to confirm an arbitration award.
The facts are not in dispute. On January 23, 1975, Wanda Petroleum Company (Wanda) and Mac Drilling Inc. (Mac) entered into a contract for the drilling by Mac of a brine well for Wanda in St. Martin Parish, Louisiana. The contract between these companies provided in Article 26 thereof for the arbitration of any controversies or claims under the contract according to the rules then obtaining of the American Arbitration Association (AAA). As a result of the drilling of the well a dispute arose between the parties. Wanda made demand for arbitration with AAA as a result of which demand AAA appointed Mr. Percy M. Lyons, a petroleum geologist, as arbitrator. Pursuant *475 to his appointment Mr. Lyons conducted a hearing after which he rendered an award in favor of Wanda ordering Mac to pay $23,280.90 plus all administrative fees and expenses of AAA. Thereafter, Wanda filed a petition for an order confirming the arbitration award in the Fifteenth Judicial District Court for the Parish of Lafayette. Mac answered this petition and prayed that the award of the arbitrator be vacated and a rehearing granted for the following reasons which we quote:

"10.
The award was totally unsupported by the evidence presented at the hearing of this matter and said award is contrary to the law and the contractual relationship existing between these two companies.
11.
Mac Drilling, Inc. alleges that there was evident partiality on the part of the arbitrator in favor of Wanda Petroleum Company as can be seen from an examination of the documents placed in evidence by both parties at the hearing of this matter, which documents are attached hereto and made a part hereof."
On the issues as framed a hearing was held in the trial court as a result of which a judgment was rendered in favor of Wanda confirming the award of the arbitrator. This appeal followed.
In seeking a reversal of the trial court judgment appellant assigns the following errors:
1. Failure of the trial court to allow Mac to question the arbitrator in connection with the disclosure and challenge procedures of AAA.
2. Failure to reverse and set aside the award of the arbitrator and order a rehearing before an impartial arbitrator under LSA-R.S. 9:4210.
We consider appellant's contentions in the order set forth above.
During the course of trial in the lower court Mac sought to question the arbitrator concerning whether or not, following his appointment as arbitrator, he made disclosure to AAA of any past relationship between him and the parties or their counsel which disclosure was allegedly required by the rules of AAA.
Although the rules of the American Arbitration Association were not offered in evidence and are not part of the record and consequently are not before this court, appellant alleges in brief that Section 18 of such rules provides as follows:
Section 18. DISCLOSURE AND CHALLENGE PROCEDURE
"A person appointed as neutral arbitrator shall disclose to the AAA any circumstances likely to affect his impartiality, including any bias or any financial or personal interest in the result of the arbitration or any past or present relationship with the parties or their counsel. Upon receipt of such information from such arbitrator or other source, the AAA shall communicate such information to the parties, and, if it deems it appropriate to do so, to the arbitrator and others. Thereafter, the AAA shall determine whether the arbitrator should be disqualified and shall inform the parties of its decision, which shall be conclusive."
Appellant sought to establish at trial that the judgment confirming award should be vacated because Mr. Lyons violated the above rule by failing to make disclosure of any relationship between him and the parties or their counsel.
The evidence sought to be elicited was promptly objected to as irrelevant and beyond the pleadings. At that time appellant failed to request leave of court to amend its pleadings, pursuant to the provisions of LSA-C.C.P. Article 1154, so as to present this issue. The trial court sustained the objection and the evidence was excluded. Appellant complains that this was error. We disagree.
At the outset we observe that the rules of the American Arbitration Association are not made part of the record and we cannot therefore consider such rules or speculate as to their contents. It is well settled that an appellate court must decide the case on the evidence contained in the *476 record. McKay v. Vesley, 163 So.2d 121 (La.App. 3rd Cir. 1964) and cases therein cited; Leger v. Delano Plantation, Inc., 352 So.2d 743 (La.App. 3rd Cir. 1977). Appellant having failed to offer in evidence the rules of AAA any questions seeking to show a violation of such rules by the arbitrator were clearly without foundation and irrelevant.
Further, we believe that the trial court properly excluded the evidence as not being within the issues made by the pleadings. Mac's pleadings make no mention whatever that the award should be vacated because Mr. Lyons failed to disclose some information concerning his relationship with the parties or their counsel that would have disqualified him as arbitrator. Evidence intended to broaden or go beyond the pleadings is inadmissible if objected to. Under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted. LSA-C.C.P. Article 1154. Timely objection coupled with the failure to move for an amendment of the pleadings is fatal to an issue not raised by the pleadings. Bosworth v. New Orleans Federal Savings & Loan Association, 258 So.2d 191 (La.App. 4th Cir. 1972).
Appellant's remaining contention, i. e., that the judgment confirming the award should be reversed because the record shows evident partiality on the part of the arbitrator, is equally without merit. We find that the trial court correctly decided this issue and are pleased to quote with approval his opinion in this regard.
"The only valid grounds for reversal or modification alleged by respondent was the allegation of evident partiality. The evidence demonstrated that the arbitrator, Percy M. Lyons, a consulting geologist since 1958 had infrequently performed services for Liskow & Lewis, the attorneys for Wanda. During the last twenty (20) years he did provide services on unitization applications for Liskow & Lewis on three (3) or four (4) occasions. He testified that he had performed services adverse to the position of the clients of Liskow & Lewis ninety (90%) per cent of the time. There was no evidence offered to show that Mr. Lyons had ever performed services of any kind for Wanda. The evidence offered in this hearing, rather than support the claim of partiality, shows without doubt that the arbitrator was, in fact, impartial."
For the above and foregoing reasons the judgment of the trial court is affirmed. Appellant is cast for all costs of this appeal.
AFFIRMED.