SWIFT, Judge.
This is a suit for a preliminary and a permanent injunction brought by the plaintiff, Louis L. Culpepper, seeking to enjoin the defendant, Don Rachal, from allowing his cattle to trespass upon the plaintiff’s property. The sole issue presented on appeal is whether the trial court erred in concluding that the plaintiff’s fences were sufficient to keep out the “ordinary run of livestock”, thus resulting in judgment for the plaintiff.
Louis Culpepper is the owner of a large tract of land in Natchitoches Parish, Louisiana. His property is bordered on the north by an elementary school; on the east by a bayou; on the south by property owned by Mrs. Evelyn Cardino, and on the west by tracts of several landowners, including Mrs. Daisy Cardino Lattier. At the time this suit was brought the land was leased to Danny Methvin for the duration of the 1978 agricultural year.
Don Rachal had rented the properties of Mrs. Evelyn Cardino and Mrs. Daisy C. Lat-tier on which to graze his cattle. Initially, defendant’s cattle were placed on the Evelyn Cardino land and got on the plaintiff’s property through gaps in the fence between the two tracts. The fence was repaired and thereafter the cattle were unable to trespass upon plaintiff’s land from the south. Later, however, the defendant moved some or all of his cattle to the Lattier tract on the west from which the animals strayed onto plaintiff’s property.
The record indicates that the Culpepper tract was fenced only on its western and southern boundaries. Defendant contends that his livestock journeyed upon plaintiff’s estate through the school land on the north. However, there was no testimony that the cattle had ever been seen entering plaintiff’s land from this direction. On the other hand, none of the witnesses at the trial actually saw the defendant’s cattle go through the fence on the east of Mrs. Lattier’s land. The trial judge concluded the animals got on the plaintiff’s property through the fence between it and the Lattier tract, not from the north. He further concluded that under the circumstances, the fact that the plaintiff’s land was not completely enclosed by fence would not preclude injunctive relief.
Mr. Culpepper repaired his fence on several occasions before and after this suit was instituted on March 3,1978. He has rebuilt about one half of each fence separating his property from the Cardino and Lattier tracts. Despite the plaintiff’s efforts, the defendant’s cattle have continued to get on his land.
The plaintiff and his witnesses testified the fences were adequate to keep out the ordinary run of livestock, when they saw them within a month before the trial on May 10, 1978. The defendant and his witnesses testified this fence was in bad shape at all times and could easily be crossed by any cow. However, nearly all of them had not observed the condition of the fences since January or early February, 1978.
In granting plaintiff’s request for a permanent injunction, the trial court ruled that the Culpepper tract and its adjacent lands are located in an “open range” area. This is where there is no stock law or ordinance prohibiting an owner from allowing his domestic animals to roam at large. Fall v. Manuel, 228 So.2d 494 (La.App. 3d Cir. 1969). In such an area the owner is under no duty to keep his animals enclosed. Harrington v. Upchurch, 331 So.2d 506 (La. App. 3rd Cir. 1976); Flores v. Commercial Union Insurance Company, 337 So.2d 264 (La.App. 2nd Cir. 1976).
The record contains a proclamation by the local police jury to the effect that after an official canvas of the votes cast in an election held on April 14,1970, a proposition to prohibit animals from roaming at large on the public highways of the ward in which the property involved in this suit is located was defeated. There being no evi *156 dence on the subject to the contrary, it is clear this area is “open range” where owners of livestock are free to allow ordinary cattle to run at large. Leger v. Delano Plantation, Inc., 352 So.2d 743 (La.App. 3rd Cir. 1977); Parrott v. Babb, 132 So. 377 (La.App. 2nd Cir. 1931).
Where property is located in an “open range”, in order to prevail in a suit the burden is one the plaintiff landowner to prove that his property was enclosed by a fence sufficient to keep out ordinary cattle. Under this test, if the property owner desires to keep cattle off his property, he has the duty to enclose his land with a fence “adequate to keep out the ordinary run of livestock.” Bryant v. McCann, 297 So.2d 262, 265 (La.App. 3rd Cir. 1974). In the Bryant decision, this court noted that the mere fact that cattle may be able to get through or over a fence does not necessarily indicate that the fence is inadequate to keep out the “ordinary run of livestock.” Such evidence may with equal force establish that the particular cattle are “extraordinary”.
Although he did not say so in the exact words, the trial judge unquestionably determined that the plaintiff’s fences at the time of the trial were adequate to keep out the ordinary run of livestock. He specifically noted that defendant’s cattle were part Brahma and less manageable than common grade cattle, an indication that he believed they were “extraordinary” and likely to pass over or through a fence that was adequate to keep out ordinary cattle. Thus, he concluded that the plaintiff sustained his burden of proof and was entitled to injunc-tive relief.
The defendant strenuously contends that the trial judge was manifestly in error, because the plaintiff’s property is not completely enclosed by fence, there being none of its north and east sides. Although there exists a natural barrier, a bayou, on the eastern side, there is nothing on the north to prevent cattle from entering the Culpep-per tract through the adjacent school yard there. Actually, some of defendant’s cattle were observed in the school yard one evening by a witness for the plaintiff. However, the latter contends they strayed there from his property after entering through the fence between it and the Lattier land.
 As pointed out above, the plaintiff bears the burden of proving that his property is sufficiently enclosed by fencing adequate to keep out the ordinary run of livestock. Since there is no fence or barrier at all to prevent cattle from entering the plaintiff’s tract from the north, we are unable to logically conclude that the plaintiff has complied with the requirement of law with respect to adequate fencing despite there being no evidence that any cattle had ever been seen entering plaintiff’s property from the north. This is particularly true in view of the undisputed fact that the presence of defendant’s cattle on the school land was observed on at least one occasion. In our opinion it is clear the plaintiff has failed to satisfy the required burden of proof to establish that his land was sufficiently enclosed on the north to keep out the ordinary run of livestock. Although we are reluctant to do so, it is our duty to reverse the trial judge when we conclude from our review of the evidence that he was clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979).
For the above and foregoing reasons, the judgment of the trial court is reversed and judgment is rendered herein in favor of the defendant and against the plaintiff rejecting the latter’s demands for injunctive relief at his costs, including those of the appeal.

REVERSED AND RENDERED.