DOMENGEAUX, Judge.
This appeal arises in the context of a suit for worker’s compensation benefits. The plaintiff sued, among others, Dove Equipment Company, appellant herein, and Voo-rhies Supply Company, Inc., appellee herein, who are alleged to be solidary obligors. Voorhies moved for summary judgment in its favor. Voorhies allegedly submitted two supporting documents — the deposition of the plaintiff and an affidavit by the president of Voorhies. The motion was granted and Dove Equipment Company has appealed to this Court to reverse the trial court’s ruling on the motion for summary judgment.
Appellant first contests the trial court’s dismissal of the appellee by alleging that the plaintiff’s deposition is not sufficient to warrant a summary judgment. As the deposition was not filed into evidence, either separately or as attached to the motion, we cannot address this argument. “[I]t is Hornbook law that the Courts of Appeal may not consider evidence which was not previously introduced in the trial court.” Leger v. Delano Plantation, Inc., 350 So.2d 377 (La.App. 3rd Cir.1977), appealed on other grounds 352 So.2d 743 (La.App. 3rd Cir.1977).
Appellant also contests the sufficiency of the affidavit of the president of Voorhies Supply Company, Inc. La.C.C.P. Art. 966 states that a summary judgment
“shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
In the affidavit, appellee attempted to prove that it could not be held responsible for a .defective sandblasting mask or hood as it was not, and had never been, in the business of manufacturing or developing those items. However, the affiant did state the corporation’s business was supplying industrial products to its customers. The affidavit further recites:
“(5) The records of Voorhies Supply, Inc.’s sales to Pollock Engineering, Inc. and Blue D Corporation for the period of 1978 through August 8, 1981 indicates no sales of head masks or hoods for use in sandblasting.”
Any doubts as to the propriety of a summary judgment should be resolved in favor of trial on the merits. Verrett v. Cameron Telephone Company, 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La.1982); Ortego v. Ortego, 425 So.2d 1292 (La.App.3rd Cir.1983), writ denied, 429 So.2d 147, 149 (La.1983). Because we feel that the defective sandblasting mask which allegedly caused the plaintiff’s injuries could have been supplied to the plaintiff’s employer prior to 1978, we harbor reasonable doubts as to whether the appellee’s liability is conclusively negated. For this reason we must reverse the judgment of the trial court in favor of a trial on the merits to determine the issue of Voo-rhies Supply Company, Inc.’s liability to the plaintiff.
The appellant further argues that the above-mentioned affidavit is defective in form because the records referred to therein were not attached and served along with the affidavit as allegedly required by La.C. C.P. Art. 967. The error cited is that the trial court incorrectly relied on this allegedly defective affidavit when granting the summary judgment. This argument will not be considered .by us as we have found the affidavit, assuming it to be valid in form, insufficient to warrant summary judgment.
For the above and foregoing reasons the judgment of the district court which granted summary judgment in favor of appellant is reversed and the case is remanded to the district court for further proceedings. All *389 costs of this appeal are to be borne by appellee.
REVERSED AND RENDERED.