DOMENGEAUX, J.,
dissenting in part and concurring in part.
I feel that it was serious error on the part of the trial judge to allow evidence to be introduced concerning the subsequent condition of plaintiff’s right eye. That error was magnified by the obvious fact that the condition of the right eye was considered by the district judge in coming to the conclusion that plaintiff was totally and permanently disabled.
Plaintiff’s pleadings do not allege that his right eye was injured in the accident, nor did he allege that the disability was in any way related to the condition of his right eye. At no time during the course of the suit, even after judgment, did plaintiff amend his pleadings, or even seek to amend his pleadings, to include a reference to the eye.
During the trial defense counsel objected to the admittance of any evidence having to do with plaintiff’s right eye, and to any enlargement of the pleadings.
Timely objections coupled with the failure to move for amendment of the pleadings is fatal to an issue not raised by the pleadings. Gar Real Estate and Insurance Agency v. Mitchell, 380 So.2d 108 (La.App. 1st Cir.1979); Wanda Petroleum Company v. Mac Drilling, Inc., 353 So.2d 474 (La.App. 3rd Cir.1977), writ denied, 355 So.2d 258 (La.1978).
I respectfully submit that plaintiff’s award in this instance should be restricted to compensation payments for 100 weeks.
I agree with the opinion insofar as it affirms the disallowance of penalties and attorney’s fees.