WICKER, Judge.
This appeal arises form a suit for damages filed on behalf of Brenda Vines (Vines), wife of/and Charles Emile Bru-neau (Bruneau) against Dr. Gustavo Colon for his alleged failure to render appropriate and required pre-operative and post-operative care and attention. The trial court rendered judgment in favor of Dr. Colon. Vines and Bruneau now appeal. We affirm.
On January 12, 1984 Dr. Colon performed plastic surgery on Vines. He removed two lesions. One lesion, in the form of a mole, was removed from her chin. A second lesion was removed from the middle of her nose. Following the surgery, scarring occurred in the lesion excised on the nose.
At trial plaintiffs/appellants urged an additional theory of recovery apart from negligence. They argued that Dr. Colon had committed a battery in that he removed the mole on Vines’s chin without authority. Defendant/appellee timely objected to the admission of any evidence on the battery claim. Plaintiffs/appellants argued below that their amended pre-trial order was sufficient to place Dr. Colon on notice of the battery claim. They did not ask for leave to amend their petition.
The trial judge stated he was not familiar with the record and would allow plaintiffs/appellants to introduce evidence and ask questions on the battery issue conditioned upon his later finding that the battery claim had been pled. He further stated he would disregard any evidence or testimony on the battery claim should he rule it had not been pled. On March 25,1988 he rendered judgment and specifically held that a battery had not been pled. He also dismissed the negligence claim.
Appellants now specify the following errors:
1. That the trial court erred in ruling plaintiffs pleading had not adequately set forth a “battery” in the sense of action beyond that authorized by the patient, and
2. The trial court erred by failing to rule that the preponderance of the evidence of record shows defendant breached his duty to plaintiffs by operating beyond what was authorized by the relevant consent form and that such operation was both the cause-in-fact and legal cause of damage to the fact of plaintiff wife, injuring both petitioners and giving rise to defendant’s obligation to pay compensatory damages.
We agree with the trial judge that the alleged battery had never been pled. In Karl J. Pizzalotto v. Wilson, 437 So.2d 859, 862-63 (La.1983) the Supreme Court explained battery in a malpractice setting:
The doctrine of consent to medical treatment is rooted in the idea that a person has the right to make major decisions regarding his own body, [citation omitted]. Justice Cardozo, when on the high court of New York, wrote “Every human being of adult years and sound mind has a right to determine what shall be done with his own body and a surgeon who performs an operation without his patient’s consent commits an assault for which he is liable in damages.” Schloendorff v. Society of New York Hospitals, 211 N.Y. 125, 105 N.E. 92, 93 (1914). A surgeon commits a battery on his patient when he undertakes a particular surgical procedure without the consent of the patient or an authorized person, except when an emergency requires immediate surgery for the preservation of life or health under circumstances when such consent cannot be practicably obtained, [citations omitted.] ... Though a battery is generally manifested as an act of hostility, the basis of this battery is not the hostile intent of the physician, but rather the absence of consent on the part of the patient to a treatment that may in fact be beneficial [footnote omitted]. Thus, an unauthorized operation that is skillfully performed still constitutes a battery, [citation omitted]. The general rule prohibiting the performance of an operation extends to the performance of operations different in nature from that *562 for which consent was given, and to operations involving risks and results not contemplated, [citations omitted].
There are no allegations in the petition for damages that Dr. Colon performed surgery outside the scope of Vines’s authorization. There is no amendment to that petition nor is there any request for leave to amend so as to allege a battery. La.Code Civ.Proc. Art. 1154 provides:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits. The court may grant a continuance to enable the objecting party to meet such evidence, [emphasis added].
In Guillory v. Butter, 398 So.2d 43 (La.App. 3rd Cir.1981) plaintiff argued the trial court erred in its failure to allow evidence showing defendant doctors did not inform her of the extent of the surgery, risks, and complications. Plaintiff further argued she would not have undergone the surgery had she known the size of the area excised or have suffered loss of the use of her arm. In Guillory, supra at 48 the court stated:
Nowhere in plaintiff’s petition did she allege that [the doctors] failed to inform her of the extent of the surgery, nor did she allege that she would not have undergone the surgery had she been adequately informed. Plaintiff alleged only that her injury would not have occurred if the defendants had exercised the degree of care, skill, and knowledge ordinarily exercised by physicians in the area ... Thus, plaintiff’s petition did not raise the issue of informed consent.
Under proper circumstances proof beyond the pleadings, even if objected to, may be admitted and considered when permission to amend the pleadings is requested and granted. La.C.C.P. Art. 1154. However, plaintiff did not request permission of the court to amend the pleadings to confirm [sic] to the evidence she wished to introduce with respect to the issue of informed consent. Defendants’ timely objections, coupled with plaintiff’s failure to move for an amendment of the pleadings is fatal to an issue (here, informed consent) not raised by the pleadings. Wanda Petroleum Company v. Mac Drilling, Inc., 353 So.2d 474 (La.App. 3rd Cir.1977), writ denied, 355 So.2d 258 (La.1978).
We follow the holding in Guillory, supra and find that plaintiffs’ failure to move for amendment of the pleadings so as to plead battery or the unauthorized excision is fatal to that issue not raised in the pleadings.
Evidently appellants’ second specification of error also addresses whether the trial judge erred by failing to conclude that Dr. Colon breached the standard of care required by La.R.S. 9:2794(A). No expert was introduced by plaintiffs/appellants to establish the requisite standard of care or to show that Dr. Colon breached that standard.
Bruneau testified that his wife had a scar on the bridge of her nose after Dr. Colon’s surgery which had not been present before that operation. Vines testified she was dissatisfied with the result of Dr. Colon’s surgery because of the scar on the tip of her nose. From the testimony, it appears that both Vines and Bruneau are referring to the same area since their attorney used the expressions “tip of the nose” and “bridge of the nose” interchangeably.
Dr. Colon, an expert in plastic surgery, stated he was dissatisfied with the scarring which resulted from the surgery. He offered to revise the scarred area but could not guarantee the results of additional sur *563 gery. He further testified that he has had other occasions in which he had to revise facial scars following plastic surgery. Such a revision following scarring from the initial surgery is not an uncommon occurrence. The record is devoid of any testimony or evidence as to the cause of the scarring.
The consent form signed by Vines recognizes scarring as a risk of the surgery. It provides in part:
According to Louisiana State Law, the following risks associated with surgery and/or anesthetics have been explained in a satisfactory manner: death, brain damage, disfiguring scars, paralysis, loss of function of body organs and the loss of function of any arm or leg. [emphasis added].
The trial judge was correct in evidently concluding that a disappointing result is not negligence per se. See Bush v. St. Paul Fire & Marine Ins. Co., 264 So.2d 717 (La.App. 1st Cir.1972), writ denied 266 So.2d 452 (La.1972). Accord Gunter v. Plauche, 439 So.2d 437 (La.1983). In Bush, supra at 720, as in the instant case, the “plaintiff offered no medical evidence whatsoever to prove that [the defendant] was guilty of negligence in performing the operation.” Similarly, as in Bush, supra at 720, “[t]he failure to obtain satisfactory results from an operation by a member of the medical profession does not give rise to a presumption of fault against the practitioner so as to shift the burden of establishing freedom from fault upon him.” Finally, Vines and Bruneau failed to carry the required burden of proving that the unsatisfactory result was caused by Dr. Colon’s negligence. Moreover, there is no evidence that Dr. Colon warranted a particular result in order to obtain Vines’s consent to surgery.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. Costs are assessed against appellants.
AFFIRMED.