Dear Representative Smith:
You have asked this office for an opinion on the current state of the law regarding livestock roaming at large. Specifically, you mention a situation where a constituent's hogs have roamed onto the property of another and damaged some pasture land. Additionally, you have attached an opinion from Aaron F. McGee, Staff Attorney for the House Committee on Agriculture, which points out a possible conflict in the holdings of Fall v. Manuel,228 So.2d 494 (La.App. 3 Cir. 1969) and Culpepper v. Rachal,370 So.2d 154 (La.App. 3 Cir. 1979), particularly with regard to the issue of liability in an open range situation.
From the information provided, the only restriction, other than the statewide prohibition in La. R.S. 3:2803, placed on the owner of the hogs with regard to roaming is Vernon Parish Ordinance 15 of 1992 which prohibits livestock from roaming on any public way or path outside incorporated municipalities. The facts indicate that the hogs in question did not roam on any path or way in the area before they entered the property which was allegedly damaged. You indicate in your request that the animals did not venture onto any of the public roads covered by La. R.S. 3:2803. La. C.C. Art. 2321 provides that "the owner of an animal is answerable for the damage he has caused." In Fall v. Manuel,
supra, the 3rd Circuit held that the provisions of La. C.C. Art.2321 apply only when the owner "was guilty of some fault or negligence in his ownership or possession of the animal. A showing that the animal has caused damage justifies a presumption that the owner was negligent. This presumption of fault is rebuttable, however, the burden of proof being on the owner to show that he was without the slightest fault and that he did all that was reasonably possible to prevent the injury." At page 497 (citations omitted). That Court also held, with regard to the issue of open range areas, that "where there is no stock law or ordinance prohibiting an owner from allowing his animals to roam at large, the owner is under no duty to keep his domestic animals enclosed. In the absence of such a statute or ordinance, the running of livestock at large is lawful, and should a property owner desire to keep such roaming stock off his property it is his duty to enclose it." At page 498 (citations omitted).
The Fall Court makes an important comment with regard to the right to allow roaming of animals. They state, at page 497 of the opinion, that at the time the damage occurred there was no parish ordinance "prohibiting owners from allowing their stock to roamgenerally at large or requiring them to fence in their cattle" The facts of the case indicate that the cattle invaded the plaintiff's property sometime in October or November of 1966. The Court points out that the year before, in 1965, the Police Jury of Evangeline passed an ordinance "prohibiting cattle from roaming on certain state highways, including the black-topped highway which bordered both of these tracts on the north." The Court found that the cattle did not enter the plaintiff's land from this black-topped highway so the ordinance was not applicable to the case and resort was made to the provisions of La. C.C. Art. 2321 to determine liability.
In the Culpepper case, the trial court ruled that the land at issue was in an open range area of the parish, as there were no ordinances or laws that prohibited the owner of the animals from allowing them to roam at large. The trial court relied on the holding in Fall v. Manuel to support it's conclusions of law. The appellate court notes that the record from the trial court makes reference to a proclamation by the police jury that a proposed ordinance to prohibit animals from roaming at large on the public highway of the ward was defeated. It should be noted that Part VI, Stock at Large on Public Highways, R.S. 3:2801, et seq., has been on the books, in one form or another, since 1950. Any local ordinance dealing with roads or ways in the parish would be a logical expansion of this prohibition. Given the fact that the state-wide statute was applicable to the facts of Culpepper, the conclusion of Mr. McGee that the Culpepper Court "seems to imply that there must be a complete absence of any restriction on roaming livestock for an area to be classified as an `open' range area" is not accurate. The real issue when deciding if the open range rule applies is whether there is any ordinance that expressly prohibits an owner from allowing his animals to roam at large or expressly requires him to fence in his animals, not whether there is some law that restricts access to certain roads in the parish. This is the holding in Fall v. Manuel. That Court was aware of La. R.S. 3:2803, but found that the "State of Louisiana has enacted no statute forbidding the owners of animals from allowing their stock to roam at large." At page 497. The decision in Culpepper does not change the rule of law.
A state law or parish ordinance that prohibits an owner of animals from allowing them to wander onto public roads is not, in and of itself, a prohibition against roaming generally at large in the parish nor does it require the owner to fence the animals in completely. All owners of animals that roam at large have the same responsibility with regard to the roads. In the absence of an express prohibition against roaming at large, the provisions of La. C.C. Art. 2321 control the issue of liability. The burden of proof is on the owner to show that he was without the slightest fault. In an open range area, the owner of property who desires to keep the animals out has the responsibility to enclose his land and protect himself.
In summary, it is our opinion that the holding in Fall v. Manuel
is good law and has not been altered in any way by the decision in Culpepper v. Rachal. In neither case was there any state law or parish ordinance that limited the right to allow animals to roam at large nor was there any requirement to keep animals fenced. The ordinance on the books with regard to roads was irrelevant to the facts of the case in Fall v. Manuel. The fact that there was no parish ordinance with regard to roads in theCulpepper case does not change that outcome. Both cases dealt with an open range situation and the issue of liability was determined by resort to the Civil Code. In the absence of any law or ordinance restricting the roaming at large of animals, the provisions of La. C.C. Art. 2321 control.
We hope this is responsive to your inquiry. However, should you have any questions or comments, please call the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb