DOUCET, Judge.
Bobbie J. Goleman, plaintiff-appellant, instituted this action against Kroger and Company, Inc. and its liability insurer, Insurance Company of North America, and Kroger’s lessor, John Clai Company and its liability insurer, Royal Globe Insurance Co. The plaintiff seeks damages for injuries sustained when she allegedly slipped and fell on the sidewalk in front of the Kroger grocery store in the MacArthur Village Shopping Center in Alexandria, Louisiana. A jury concluded that neither defendant was negligent and denied the recovery of any damages. The plaintiff-appellant perfected this devolutive appeal of the adverse judgment.
The plaintiff-appellant alleges that on February 16, 1981, she injured her back when she slipped on an oily substance as she was stepping onto the sidewalk in front of the Kroger grocery store, causing her to fall and injure her back. The plaintiff stated that immediately after her fall, the store manager came outside to assist her and provided her with a chair as he examined the oily spot that caused her fall. The store manager testified that he did not go outside to the site of the alleged incident but instead discussed the alleged fall with the plaintiff inside the store after he was notified of the plaintiff’s complaint by a cashier at Kroger’s. In addition to the store manager’s contradictory version of these events there was also a third party customer who testified that he saw the plaintiff stoop down in the parking lot in order to pick up her keys and then proceed into the grocery store without incident. Other witnesses who are employees at Kroger’s testified that they did not see the plaintiff fall although they did not see her approaching the store. But these employees did state that there were no oily stains *1332 on the plaintiff’s dress but only some dirt and water. It was clearly established that it had rained on the day in question and that the sidewalk in front of Kroger’s was wet with rain water. In short, there were no eyewitnesses who would corroborate the plaintiff’s version of these events.
After receiving elaborate instructions from the trial judge concerning the appropriate standard of care for the respective defendants, the jury rendered a unanimous verdict finding neither defendant to be negligent in any way.
The plaintiff-appellant contends that the trial court erred in refusing to charge the jury with instructions concerning strict liability pursuant to La.C.C. Art. 2317. The record indicates that the plaintiff’s counsel specifically requested this instruction and that the trial court explicitly refused to include this instruction in his charge to the jury. The plaintiff-appellant also contends that the jury was clearly wrong in its factual conclusion that neither defendant was negligent.
La.C.C. Art. 2317 has become the basis of an expanding source of liability. A landmark case that established this basis of liability is Loescher v. Parr, 324 So.2d 441, 447 (La.1975). In Loescher, Justice Tate of the Louisiana Supreme Court supplied the analysis to be used in deciding cases involving strict liability: “When harm results from the conduct or defect of a person or thing which creates an unreasonable risk of harm to others, a person legally responsible under these code articles for the supervision, care, or guardianship of the person or thing may be held liable for the damage thus caused, despite the fact that no personal negligent act or inattention on the former’s part is proved. The liability arises from the legal relationship to the person or thing whose conduct or defect creates an unreasonable risk of injuries to others”. Loescher, supra at 446. Justice Tate added that once the vice and resulting damage caused thereby is proved, the guardian can escape liability only if he shows the harm was caused by the fault of the victim, third party fault or irresistible force. Loescher, supra at 447.
The plaintiff-appellant argues that the trial judge should have instructed the jury in this particular area of the law in addition to his instructions concerning the standard of care imposed by law on storekeepers and landlords. The appellant contends that such an instruction was justified by the defective design of the sidewalk in relation to the parking lot which caused oil refuse from cars to drain onto the sidewalk. This argument is without merit.
The initial decision of whether a thing poses an unreasonable risk of harm is one of law for the court to make and must be based on the court’s appreciation of whether reasonable minds can differ on the point. If the court believes the thing does present an unreasonable risk of harm, or that reasonable minds could differ, only then is it appropriate to instruct the jury on the law set forth in La.C.C. Art. 2317, Kent v. Gulf States Utilities Co., 398 So.2d 560 (La.App. 1st Cir.1980), affirmed, 418 So.2d 493 (La.1982). The record does not suggest any defect in the design or construction of the sidewalk. The trial court was correct in concluding as a matter of law that the facts of the case did not merit jury instructions concerning the legal principles of Art. 2317. The trial court correctly concluded that this case involved a determination of the existence of negligent conduct on the part of the defendants. Furthermore, the trial court instructed the jury about the strict legal presumptions of negligence in such slip and fall eases. The trial court’s jury instructions were correct and clear and therefore do not warrant a reversal.
The appellant’s second assignment of error concerns the admissibility of testimony which slightly varied from answers made by the defendant-lessor to interrogatories propounded by the plaintiff. The questions concerned the clean-up procedures used by the lessor for the maintenance of the shopping center. After stating that he is responsible for cleaning the exterior of the shopping mall area, the lessor said that the parking lot and the sidewalk were swept and cleaned daily between 5:00 A.M. and *1333 6:00 A.M. At the trial, over the plaintiff’s objections, the custodian testified that the cleaning was in fact completed at approximately 7:30 A.M. on a daily basis and, in addition to this routine chore, a watch over the premises was kept in order to detect anything unusual in the parking lot and sidewalk area. The plaintiff objected to this testimony on the ground that a significant discrepancy exists between the answer to the interrogatory and the testimony concerning the clean-up procedure and that this discrepancy and the unexpected content of this testimony prejudiced her case. In the appellant’s brief it is contended that by allowing this testimony at the trial, the trial court committed a reversible error in light of the issues of negligence in this case. This argument is without merit.
La.C.C.P. art. 1471 provides that the trial court may exclude testimony at the trial which is at odds with answers to interrogatories. But this power is discretionary and is to be exercised only when the ends of justice dictate the exclusion of the testimony. Johnson v. Petit, 236 So.2d 304 (La.App. 3rd Cir.1970). If the trial court elects to allow the testimony to be heard and weighed together with the answers to the interrogatories, then in the absence of abuse of the trial court’s discretion, there is no reversible error. Giroir v. Pamm’s of Houma, Inc., 341 So.2d 1346 (La.App. 1st Cir.1976). Furthermore, it should be noted that such answers are not judicial admissions but merely constitute additional evidence to be weighed with other evidence. La. 2291; Giroir, supra.
The appellant fails to demonstrate any abuse by the trial court of its discretion regarding the admissibility of this testimony. The issues involved in the discrepancy are relevant to the issue of negligence but the differences are ones of degree and not the existence or non-existence of acceptable clean-up procedure. In light of this fact and the uncorroborated character of the plaintiff’s version of these events, it is unlikely that the exclusion of the testimony would have affected the outcome of the case. Therefore, we find that the trial court did not abuse its discretion in allowing the testimony in question. Consequently this case will not be reversed on this ground.
Finally, the appellant argues that the jury was clearly wrong in concluding that there was no negligence on the part of the defendants. The argument is without merit. It is well settled that the conclusions of the trier of fact are not to be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1979). This trial involved a substantial amount of testimony by several witnesses. The genuine issue was reduced to a contradiction between plaintiff’s uncorroborated version of her alleged accident and the testimony of various witnesses who disputed many portions of the plaintiff’s testimony. In light of this evidence and from our review of the record we hold that the jury in this case was not clearly wrong in finding no negligence on the part of the defendants. The jury’s verdict is affirmed.
For the foregoing reasons the trial court’s judgment is affirmed. Plaintiff-appellant is assessed the costs of this appeal.
AFFIRMED.