701 So.2d 1026 (1997)
Marilyn LaFRANCE, Wife of/and Joseph T. LaFrance
v.
Joseph S. BOURGEOIS d/b/a Joe's Landing, et al.
No. 97-CA-376.
Court of Appeal of Louisiana, Fifth Circuit.
October 15, 1997.
*1027 Mary S. Sentenn, Donald F. Deboisblanc, New Orleans, for Plaintiffs-Appellants.
Patricia M. Crowley, Daniel J. Caruso, New Orleans, for Defendants-Appellees.
Before BOWES, DUFRESNE and CANNELLA, JJ.
DUFRESNE, Judge.
This appeal arises from a suit filed on behalf of plaintiffs/appellants, Marilyn and Joseph LaFrance, against defendants/appellees, Joseph S. Bourgeois d/b/a Joe's Landing, and its insurer, Assicurazioni Generali *1028 SpA, for damages suffered by Marilyn LaFrance as a result of a fall in the ladies' restroom at Joe's Landing. For the reasons set forth herein, we affirm the judgment of the trial court rendered in favor of the defendants.
On April 18, 1993, at the Blessing of the Fleet Celebration, Marilyn LaFrance and her husband, Joseph, were customers at Joe's Landing, a marina located on Bayou Barataria and owned and operated by Joseph Bourgeois. After socializing there with friends for several hours, the LaFrances prepared to leave, at which time Mrs. LaFrance went to the restroom. While in the restroom, Mrs. LaFrance, who was wearing high heels, fell when her shoe allegedly became entangled in an uncovered drain. As a result of her fall, Mrs. LaFrance suffered serious injury to her right ankle which required medical treatment.
Mr. and Mrs. LaFrance subsequently filed a petition against Joseph S. Bourgeois d/b/a Joe's Landing, and its insurer, Assicurazioni Generali SpA, seeking damages for the injury that she sustained in this accident. In the petition, plaintiffs alleged that Joseph Bourgeois was negligent and that as owner of Joe's Landing, Inc., he was strictly liable for the vice and defect on the premises. Mr. LaFrance also set forth a claim for loss of consortium.
The matter came for trial before a twelve person jury on July 8 and 9, 1996. After considering the evidence presented, the jury found in favor of defendants. This verdict resulted from the first jury interrogatory, which read, "Was there any fault on the part of defendant Joe Bourgeois, doing business as Joe's Landing, Inc., which was a legal cause of the injuries of plaintiff, Marilyn LaFrance?" The jury responded "no," and thus was not required to answer the rest of the interrogatories. On July 17, 1996, the trial judge rendered final judgment in favor of the defendants, in accordance with the jury's verdict. Plaintiffs subsequently filed a Motion for New Trial and/or a Motion for Judgment Notwithstanding the Verdict, and a Motion for a Per Curiam to clarify discussions held in judge's chambers regarding jury instructions and interrogatories. Following the trial judge's denial of these motions, plaintiffs filed a Motion for Appeal which was granted by the trial judge.
In the first assigned error, plaintiffs argue that the trial judge failed to adequately instruct the jury as to the requirements of law regarding strict liability, specifically the provisions of LSA-C.C. arts. 2322 and 2317. In the present case, plaintiffs, citing Celestine v. Union Oil Co. of California, 94 1868 (La.4/10/95), 652 So.2d 1299, requested that the trial judge instruct the jury as follows:
An owner's liability for vice or defect on the premises is rooted in Civil Code Article 2317 and 2322. Both articles impose strict liability, or liability without fault, based upon status as an owner or custodian rather than on personal fault. Under 2317, liability is imposed upon an individual as a custodian for damage caused by things in his custody.
The trial judge denied the plaintiffs' request for this charge on the basis that it was contained in the general charge that he was going to give. When the judge thereafter instructed the jury, he began this requested charge, but then stopped realizing that he did not want to give this charge.
Plaintiffs now maintain that while the jury instructions given by the trial judge are technically legally correct, they were confusing to the jury and thus undermined the verdict. Specifically, the plaintiffs contend that they were confusing because the judge instructed the jury that strict liability was liability without fault, however at no other time was the word fault used in referring to strict liability.
In a jury trial, the judge has a duty to charge the jury as to the law applicable in a case and the correlative right and responsibility to require that the jury get only the correct law. LSA-C.C.P. art. 1792. It is the judge's responsibilty to reduce the possibility of confusing the jury, and he may exercise the right to decide what law is applicable to prevent counsel from arguing law which the trial judge deems inappropriate. Johnson v. Terrebonne Parish Sheriff's Office, 95 1180 (La.App. 1 Cir. 2/23/96), 669 So.2d 577; Belle Pass Terminal, Inc. v. Jolin, Inc., 92 1544 (La.App. 1 Cir. 3/11/94), 634 *1029 So.2d 466. Adequate jury instructions are those which fairly and reasonably point up the issues and which provide correct principles of law for the jury to apply to those issues. In making his charges to a jury, a trial judge is not required to give the precise instructions submitted by either party, but must give instructions which properly reflect the law applicable in light of the facts of the particular case. Jones v. Liberty Mutual Insurance Company, 568 So.2d 1091 (La. App. 5 Cir.1990); Prestenbach v. Louisiana Power & Light Company, Inc., 93-656 (La. App. 5 Cir. 4/14/94), 638 So.2d 234. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. Jones v. Liberty Mutual Insurance Company, supra; Doyle v. Picadilly Cafeterias, 576 So.2d 1143 (La.App. 3 Cir.1991).
In the present case, looking at the jury instructions as a whole, the trial judge adequately instructed the jury as to the law in effect at the time of the accident. Even though the trial judge did not use the precise language submitted by the plaintiffs, the substance of their requested charge was contained in the jury charges. Furthermore, we find that the charges given were not confusing to the jury. Accordingly, this assigned error lacks merit.
In the second specification of error, plaintiffs allege that the trial judge gave a jury instruction contrary to the law with respect to the affirmative duty owed by a bartender to a bar patron. Specifically, the plaintiffs requested and the trial judge agreed to give the following instruction:
Under Article 2315 the proper standard to determine whether a bar owner has breached his duty to an intoxicated person is whether his conduct was that generally required of a reasonable man under like circumstances. Article 2315 does impose upon a bar owner a duty to avoid affirmative acts which increase the peril of an intoxicated patron.
When the trial judge read this requested charge to the jury, he mistakenly said that "Article 2315 does not impose upon a bar owner a duty ..." Plaintiffs now contend that because of this erroneous instruction, the jury believed that there was no affirmative duty on the part of Mr. Bourgeois, the bartender, and thus could not have found that his acts constituted negligence and/or fault so as to cause Mrs. LaFrance's accident. The defendants acknowledge that the judge's "slip of the tongue" was error, but further maintain that it was not reversible since the jury had ample instructions and evidence to support its finding that Mrs. LaFrance's injuries were not caused by any fault on the part of Mr. Bourgeois.
The law is clear that an appellate court must exercise great restraint before overturning a jury verdict on the suggestion that the instructions were so erroneous as to be prejudicial. Cuccia v. Cabrejo, 429 So.2d 232 (La.App. 5 Cir.1983), writ denied, 434 So.2d 1097 (La.1983); Doyle v. Picadilly Cafeterias, supra. The standard of review required of this court in determining whether an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case. Belle Pass Terminal, Inc. v. Jolin, supra. The pertinent question involved in deciding whether reversible error has occurred is whether the jury was misled to such an extent as to prevent it from doing justice. Jones v. Liberty Mutual Insurance Company, supra.
In the present case, although the trial judge mistakenly informed the jury that Article 2315 does not impose upon a bar owner a duty to avoid affirmative acts which increase the peril of an intoxicated patron, the jury was nonetheless advised as follows:
No person holding a retail liquor license shallpermit shall sell or serve alcoholic beverages to any intoxicated person.
Under 2315 the proper standard to determine whether a bar owner has breached his duty to an intoxicated patron is whether his conduct was that generally required of a reasonable man under like circumstances...
The person who voluntarily engages in drinking has the most proximate opportunity to avoid the effect of intoxication by desisting from drinking or drinking to excess.

*1030 Under Article 2315 the proper standard to determine whether a bar owner has breached his duty to an intoxicated person is whether his conduct was that generally required of a reasonable man under like circumstances.
It is clear that the trial judge mistakenly instructed the jury. Nonetheless, the judge clearly told the jury two times during the course of the instructions that a bar owner's duty to an intoxicated patron is that generally required of a reasonable man under like circumstances. Thus, in light of the jury charges as a whole, we do not find the error to be reversible.
We now turn to the plaintiffs' final specification of error whereby they contend that the manifest error standard of review is not applicable due to the trial judge's erroneous instructions to the jury. The plaintiffs thereafter request this court to conduct a de novo review. We disagree with the plaintiffs and find the manifest error standard to be applicable.
The law is clear that the manifest error for appellate review may not be ignored unless the jury charges were so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and facts. Thus, on appellate review of a jury trial the mere discovery of an error in the judge's instructions does not of itself justify the appellate court conducting the equivalent of a trial de novo, without first measuring the gravity or degree of error and considering the instructions as a whole and the circumstances of the case. Jones v. Liberty Mutual Insurance Company, supra. Having concluded that the jury charges were not so incorrect or inadequate as to preclude the jury from reaching a verdict based on the law and facts, we now conduct a review based on the manifest error standard.
In Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989), the Louisiana Supreme Court stated:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong,' and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable [citations omitted]. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong [citations omitted]. In applying the manifestly erroneous-clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo [footnote and citations omitted].
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said [citations omitted].
Applying these precepts to the case at bar, we conclude that the jury's finding of no fault on the part of Joseph Bourgeois d/b/a Joe's Landing, was not manifestly erroneous or clearly wrong. At trial, Marilyn LaFrance testified that on April 18, 1993, she and her husband arrived in Lafitte for the Blessing of the Fleet at about 10:30 a.m. They began the day by visiting some friends in the area during which time she consumed two beers. They then went to Joe's Landing at about noon, sat down at the bar, visited with friends and had a few beers. As they prepared to leave, Mrs. LaFrance went to the restroom to use the facilities. When she went to wash her hands in the sink, her right foot became entangled in the uncovered drain and she fell. In the meantime, a friend *1031 of hers opened the restroom door, saw that she was crying, and went to get her husband. With some help, Mr. LaFrance carried his wife to the car and then brought her to the hospital for medical treatment for her ankle as she was in severe pain. During her trial testimony, Mrs. LaFrance admitted that she had approximately four or five beers prior to the accident while at Joe's Landing but she denied that she was intoxicated. Joseph LaFrance also testified at trial. His testimony basically corroborated that of his wife.
In contrast to the testimony of the LaFrances, Joseph Bourgeois testified that on the day of the accident, he served Mrs. LaFrance beer, but towards the later part of the day, he noticed that her speech was slowing down and that she appeared unsteady. Having had many years of experience bartending, he felt that Mrs. LaFrance, whom he had known for over thirty years, had consumed enough to drink and therefore, he did not serve Mrs. LaFrance the last couple of rounds. Mr. Bourgeois further testified that during the course of the afternoon, one of the ladies requested his help because the restroom door was locked. After knocking on the door and receiving no response, Mr. Bourgeois got a screwdriver to pry open the door. When he opened the door, Mr. Bourgeois saw Mrs. LaFrance sitting on the floor by the toilet. Mr. LaFrance and a couple of ladies went in there to assist her. When he asked them if they wanted to call 911, Mr. LaFrance said that he would take care of the situation. During his testimony, Mr. LaFrance readily admitted that this non-functional drain had no cover and that there was a two inch discrepancy between the drain and the floor. However, he further testified that the drain had been in that condition for sixteen years, and that to his recollection, there have never been any accidents in the ladies room, nor has he ever had any complaints about the condition of the ladies' room. Mr. Bourgeois also testified that Mrs. LaFrance, in the times that she came into his establishment, has never complained about the condition of the ladies' room drain. In addition to the testimony of Mr. Bourgeois, two other witnesses testified at trial that Mrs. LaFrance appeared intoxicated.
In the present case, although there were some discrepancies in the testimony, the trier of fact had ample testimony upon which to base the conclusion that plaintiff's accident was not the result of fault on the part of Joseph Bourgeois d/b/a Joe's Landing. We cannot say that the trier of fact was clearly wrong or manifestly erroneous in making this factual finding. Thus, the plaintiffs' final contention is likewise without merit.
Accordingly, for the reasons set forth herein, we affirm the decision of the trial court.
AFFIRMED.
CANNELLA, J., concurs.
CANNELLA, Judge, concurring.
The record reflects that the jury interrogatories instructed the jury to skip the question of strict liability, in the second interrogatory, if they found no negligence on the part of defendant, Joe Bourgeois, in the first interrogatory. The instructions should have told the jury to answer the second interrogatory regardless of their answer to the first interrogatory. It is clear that the parties and the trial judge intended the jury be given the option of finding strict liability and that the mistake which prohibited that was a typographical error. Thus, plaintiff did not waive her right to raise the issue and this court should have answered interrogatory 2 on strict liability. Nevertheless, I agree with the majority that there was no manifest error by the jury in finding defendant free from negligence. The same facts that support that finding also support a finding that defendants were not strictly liable and that plaintiff was 100% at fault in the accident. Consequently, the failure by the jury to consider the question of strict liability is harmless.