_JjWOODARD, Judge.
On July 31, 1997, while driving at night in her automobile on Louisiana Highway 112 in Rapides Parish, Louisiana, Ms. Karen Willis struck two cows and a calf and suffered personal injuries. She filed suit against the cows’ owner, Mr. Robert Cloud, pontending that Louisiana Highway 112 was not an “open range” highway. We are asked to determine whether the *836 trial court erred in granting summary judgment in favor of Mr. Cloud and his insurer, State Farm Fire and Casualty Company (State Farm), based on Rapides Parish ordinances which, purportedly, made Louisiana Highway 112 an “open range” highway.
We find that the trial court was correct and affirm its decision.
In the early morning hours of July 31, 1997, Ms. Willis left her home located on Ten Mile Road between Highways 113 and 462 and drove to her place of employment at a penal institution outside Oakdale, Louisiana, in Allen Parish. To get to the facility, she had to travel south on Louisiana Highway 112. While driving on Highway 112, she struck three of Mr. Robert W. Cloud’s animals, killing a cow, its calf, and scratching another cow.
On May 13, 1998, Ms. Willis filed a petition for damages against Mr. Cloud and his insurer, State Farm, which had issued to him a Farm-Ranch policy of insurance against bodily injury or property damages. She alleged that the accident occurred in a closed range area of Highway 112. Mr. Cloud and State Farm denied this allegation and affirmatively alleged that all of Rapides Parish’s Ward 6 is “open range.”
On February 19, 1999, Mr. Cloud and State Farm filed a motion for summary judgment, maintaining that Highway 112 within Ward 6 of Rapides Parish was an “open range” highway and, therefore, Mr. Cloud had no liability to Ms. Willis. Ms. Willis then filed a cross-motion for summary judgment, asserting that Rapides Parish Ordinance 6-38.2 did not make Highway 112 an “open range” highway. The trial court conducted a hearing on the two motions for summary judgment on March 22, 1999. On May 26, 1999, the trial court issued written reasons for judgment, granting Mr. Cloud’s and State Farm’s motion and denying Ms. Willis’ motion. It signed the judgment on June 7, 1999, which it declared to be a final judgment pursuant to La. Code Civ.P. art. 1915(B). The trial court granted Ms. Willis’ petition for appeal on June 29, 1999.
| ¡At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate.[1] Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and, admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law.[2]
La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake.[3] Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover.[4] Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is. made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
*837 The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains.[5] After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment.[6] Thus, summary judgment is apropos when all relevant facts hare brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts.[7]
Facts are material if they determine the outcome of the legal dispute.[8] The determination of the materiality of a particular fact must be made in light of the relevant substantive law.[9]
The material facts about the location of the accident are not in dispute. The question which we are required to determine is whether Highway 112 in Ward 6 of Rap-ides Parish is either an “open range” road, in which case Mr. Cloud could have no liability to Ms. Willis, or a “closed range” highway, which would make Mr. Cloud responsible for Ms. Willis’ personal injuries. This determination must be made in light of the language of two Rapides Parish ordinances relevant to our determination. Assuming the language of the ordinances are clear, they are to be applied as written and we may make no further interpretation in search of their intent.[10]
Rapides Parish Ordinance 6-38 makes all the roads in the parish “closed range” with the following: “It shall be unlawful for any person to intentionally or negligently permit any horse, mules, cattle, sheep, goats, or hogs to rove at large within Rapides Parish, Louisiana, outside of municipalities.” But the parish ordinances contain an exception for Ward 6, where this accident occurred, in Rapides Parish Ordinance 6-38.2:
The following described district of Rap-ides Parish, Louisiana is excepted from the operation of the provision of section 6-38:
That district comprising, embracing and including all of that territory within Ward 6 of Rapides Parish, State of Louisiana, as presently constituted, subject to the following stipulations:
(1) That the remaining revenue generated from the Ward 6 maintenance tax be used to complete the fencing of all parish and state roads in Ward 6 and the Ward line, between Wards 5 and 6, and to authorize to advertise for bids for [¿installation of the fencing with alternative bid for materials only, with installation provided by inmate labor.
(2) That the cattlemen of Ward 6 will be responsible for the maintenance and upkeep of the fences once erected.
(3) That the parish will install and maintain cattle guards at the parish lines and ward lines. All of the cattle guards will be removed.
Ms. Willis contends that these stipulations meant that the parish intends that livestock is not allowed to roam at large in Ward 6. Essentially, Ms. Willis is arguing that the stipulations for the application of the exception from the general policy in Section 6-38 of preventing livestock from roaming the highways overcame the exception for Ward 6 found in Section 6-38.2. We find that this is a strained construction of the entire language of Section 6-38.2. The last stipulation seems to recognize that livestock may be allowed to roam in Ward 6 by the requirement the parish *838 placed upon itself to construct cattleguards at the ward lines for Ward 6 to prevent livestock from roaming in those areas of the parish subject to Section 6-38.
Accordingly, we find that the trial court did not err in granting summary judgment in favor of Mr. Cloud and State Farm. As Ward 6 of Rapides Parish, is an “open range,” the fact that Mr. Cloud’s cows were on Highway 112 on the night in question when the accident occurred did not create any liability on his part for Ms. Willis’ personal injuries, as he did not have a duty to keep his cows enclosed.[11]
We affirm the trial court’s decisions in all respects and cast Ms. Willis with costs of this appeal.
AFFIRMED.

. Schroeder v. Board of Sup'rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D &J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La. 1/16/98); 706 So.2d 979.

. La.Code Civ.P. art. 966(B).

. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.

. Id.

. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498, writ denied, 98-50 (La.3/13/98); 712 So.2d 882.

. Id.

. Id.

. Soileau, 702 So.2d 818.

. Id.

. La.Civ.Code art. 9; La.R.S. 1:4; Thibodeaux v. Stapp Towing Co. Inc., 96-1514, 96-1512, 96-1511, 96-1513 (La.App. 3 Cir. 8/27/97); 702 So.2d 693.

. Harrington v. Upchurch, 331 So.2d 506 (La.App. 3 Cir.), writ denied, 337 So.2d 222 (La. 1976).