NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-713

TERRI LOUISE SMITH

VERSUS

BOISE CASCADE CORPORATION, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 1992-5076
HONORABLE R. RICHARD BRYANT, JR., DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

AFFIRMED.

Maurice L. Tynes
Maurice L. Tynes & Associates, PLC
4839 Ihles Road
Lake Charles, LA 70605
(337) 479-1173
Counsel for Defendant/Appellee:
    Boise Cascade Corporation

Scott H. Frugé
deGravelles, Palmintier, Holthaus & Frugé
618 Main Street
Baton Rouge, LA 70801
(225) 344-3735
Counsel for Plaintiff/Appellant:
    Terri Louise Smith

**DECUIR, Judge.**

Terri Louise Smith sued Boise Cascade Corporation and others for injuries sustained in an automobile accident involving her vehicle and a cow. After a jury found in favor of Boise Cascade, Smith pursued this appeal, assigning as error the trial court's failure to properly instruct the jury on the law of strict liability. For the following reasons, we affirm.

At ten o'clock at night on October 19, 1991, Smith was traveling south on Louisiana Highway 109 in Calcasieu Parish when she struck a black cow standing in her lane of travel. The cow was killed, and Smith's pickup truck was totaled. Smith sustained injuries to her neck and incurred nearly $5,000.00 in medical expenses. The cow was owned by George Miller and was pastured on property owned by Boise Cascade. The accident took place in an open range, *i.e.*, an area governed by no law prohibiting an owner from allowing his domesticated animals to roam at large.

In addition to Boise Cascade, Miller was named as a defendant as the owner of the cow, and the State of Louisiana was alleged to be liable for failing to post "Stock at Large" signs. Both of these defendants were dismissed prior to trial.

Louisiana's "stock law," La.R. S. 3:2803, and certain local ordinances list the roads and highways which restrict the roaming of animals; on other highways not covered by these rules, an owner is under no duty to keep his livestock enclosed and is immune from liability for damages caused by his livestock. *Willis v. Cloud,* 99-1357 (La.App. 3 Cir. 2/2/2000), 758 So.2d 835, *writ denied,* 00-0491 (La. 4/20/00), 760 So.2d 347; *Leger v. Delano Plantation, Inc.,* 352 So.2d 743 (La.App. 3 Cir. 1977), *writ denied,* 354 So.2d 211 (La.1978); *Harrington v. Upchurch,* 331 So.2d 506 (La.App. 3 Cir.), *writ denied,* 337 So.2d 222 (La.1976). In fact, landowners in open range areas must keep their property enclosed if they want to keep cattle off their property. *Culpepper v. Rachal,* 370 So.2d 154 (La.App. 3 Cir. 1979). Likewise, the owner of cattle injured or killed by a vehicle in an open range may recover damages

from the driver for the loss of his livestock. *Flores v. Commercial Union Ins. Co.,* 337 So.2d 264 (La.App. 2 Cir. 1976).

The allegations of liability against Boise Cascade centered on its ownership of the pasture and fence which were leased by Miller for his cattle. Miller testified that the fence was already erected when he first leased the property, and he reworked it as necessary during the course of the lease, at his own expense. Miller understood the fence belonged to Boise, yet he maintained it for his own purposes in keeping his cattle maintained. Upon inspection of the fence following Smith's accident, Miller located a rotten post and loose barbed wire, under which the cow could have gained access to the road. Smith contends Boise should be held responsible for the defect in the fence which created an unreasonable risk of harm and caused the plaintiff's accident.

In this appeal, Smith contends the trial court erred in failing to instruct the jury on the law of strict liability as it existed in 1991. Specifically, the trial court rejected four special jury instructions submitted by Smith which described strict liability, causation, custody of a defective thing, and unreasonable risk, with reference to such cases as *Boykin v. Louisiana Transit Co.,* 96-1932 (La. 3/4/98), 707 So.2d 1225*; Sistler v. Liberty Mutual Insurance Co.,* 558 So.2d 1106 (La.1990); *King v. Louviere,* 543 So.2d 1327 (La.1989); and *Entrevia v. Hood,* 427 So.2d 1146 (La.1983).

A trial court's responsibility regarding jury instructions has been explained as follows:

> In a jury trial, the judge has a duty to charge the jury as to the law applicable in a case and the correlative right and responsibility to require that the jury get only the correct law. LSA-C.C.P. art. 1792. It is the judge's responsibility to reduce the possibility of confusing the jury, and he may exercise the right to decide what law is applicable to prevent counsel from arguing law which the trial judge deems inappropriate. *Johnson v. Terrebonne Parish Sheriff's Office,* 95-1180 (La.App. 1 Cir. 2/23/96), 669 So.2d 577 [*writ denied,* 96-727 (La. 4/26/96), 672 So.2d 907]; *Belle Pass Terminal, Inc. v. Jolin, Inc.,* 92- 1544 (La.App. 1 Cir. 3/11/94), 634 So.2d 466 [*writ denied,* 94-906 (La. 6/17/94), 638 So.2d 1094]. Adequate jury instructions are those which fairly and reasonably

point up the issues and which provide correct principles of law for the jury to apply to those issues. In making his charges to a jury, a trial judge is not required to give the precise instructions submitted by either party, but must give instructions which properly reflect the law applicable in light of the facts of the particular case. *Jones v. Liberty Mutual Insurance Company,* 568 So.2d 1091 (La.App. 5 Cir. 1990) [*writ denied*, 572 So.2d 72 (La.1991)]; *Prestenbach v. Louisiana Power & Light Co., Inc.,* 93-656 (La.App. 5 Cir. 4/14/94), 638 So.2d 234. The adequacy of jury instructions must be determined in light of the jury instructions as a whole. *Jones v. Liberty Mutual Insurance Company, supra; Doyle v. Picadilly Cafeterias,* 576 So.2d 1143 (La.App. 3 Cir. 1991).

*LaFrance v. Bourgeois,* 97-376 (La.App. 5 Cir. 10/15/97), 701 So.2d 1026, 1028-29, *writ denied,* 97-2865 (La. 2/13/98), 706 So.2d 995.

In determining whether to instruct the jury on strict liability as requested by Smith, the trial court was obligated to ascertain if evidence of the elements of strict liability was presented. "If the court believes the thing does present an unreasonable risk of harm, or that reasonable minds could differ, only then is it appropriate to instruct the jury on the law set forth in La.C.C. Art. 2317, *Kent v. Gulf States Utilities Co.,* 398 So.2d 560 (La.App. 1st Cir. 1980), affirmed, 418 So.2d 493 (La.1982)." *Goleman v. Kroger & Co.,* 462 So.2d 1330, 1332 (La.App. 3 Cir. 1985).

Our review of the record convinces us that the plaintiff has failed to show the applicability of the proposed jury charges. The plaintiff was traveling near her own home in an open range area, where cattle need not be fenced and where, indeed, cattle are commonly seen in the roadway. Under the circumstances of this case, we find no error in the trial court's refusal to charge the jury on the specific strict liability rules as requested by the plaintiff.

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, Terri Louise Smith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.